UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DIXON,

        Plaintiff,

   v.

CITY OF FORKS,

        Defendant.

Case No. C08-5189 FDB

ORDER DENYING CITY OF FORKS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment to dismiss this action by a former police officer, James Dixon, against the City of Forks, seeking compensation for off-shift/overtime care and training of his police dog. The Court, having reviewed all materials submitted by the parties and relied upon for authority, is fully informed and hereby denies the motion for summary judgment for the reasons stated below.

**Introduction and Background**

Plaintiff James Dixon was hired to be a police officer for the Defendant City of Forks in September 1998. The City has a policy manual for all employees. The police department also maintains a police officer's manual by which its officers are expected to abide. Officer Dixon was

ORDER - 1

provided a copy of both manuals. Both manuals describe overtime and time card policies. These policies require employees to fill out time cards indicating the total time to be compensated during the previous week. These time cards must indicate regular working hours, overtime, vacation or sick leave, and/or any combination thereof. The time cards are the sole source of documentation of hours worked, including overtime hours.

At the time of Dixon's hire, the Police Department had in existence a canine program, partnering the assigned officer with a specially trained dog to assist in law enforcement. Under the program, the dog lived with the police officer handler to enable greater bonding between the dog and officer. The City asserts that it had an agreement with its canine officers regarding compensation for any off-duty time spent feeding, grooming and maintenance of their dog by allowing the officers overtime compensation or compensatory time off.

In April 2001, Officer Dixon completed canine handling training and began his duties as a K-9 officer. Dixon was partnered with Robyn, a dog that had been previously partnered with another officer. Dixon was required as a part of his duties to keep Robyn at his home and to provide care and maintenance of the dog. Officer Dixon never requested overtime pay on his time cards for off-shift hours caring for, maintaining and training his canine, Robyn.

Officer Dixon testifies that in his tenure as a canine officer he never was informed of an agreement enabling him to declare his off-duty care and maintenance of Robyn as compensable overtime. Dixon raised the issue of overtime compensation for off-shift care of Robyn with Police Chief Michael Powell sometime in 2003. Dixon states that Chief Powell denied the request for any overtime compensation and threatened to end the K-9 program if Dixon sought to obtain overtime compensation for at home care of Robyn.

Dixon's canine duties ended with the retirement of Robyn on January 1, 2007. The retirement of Robyn also ended the City of Forks Police Department K-9 program. In June 2007 Officer Dixon resigned from the police force. Thereafter, Dixon learned from other canine officers

ORDER - 2

that they had received compensation for off-shift care and maintenance of their police dogs. Dixon then formally requested that he be compensated for overtime he incurred in the maintenance and care of Robyn during his service as a canine officer. The City has denied the claim, asserting that Dixon has been paid in full for all work performed while in the employ of the Police Department, including all overtime reported or that the City was otherwise aware of. This suit followed.

**Summary Judgment Standards**

Pursuant to Fed. R. Civ. P. 56(c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir.1987). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir.1991). Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of fact exists. Fed. R. Civ. P. 56(e)

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g.

ORDER - 3

the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. Id.

Summary judgment will thus only be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.

**Fair Labor Standards Act**

The Fair Labor Standards Act (FLSA), when reduced to its essential form, merely requires employers to compensate employees for all hours worked. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C. § 201 et seq. The purpose of the FLSA is to set limits on minimum wages and the number of hours an employee is permitted to work before the employer is required to pay overtime. 29 U.S.C. §§ 206- 207.

Under the FLSA, no employer shall employ any of its covered employees for a work week that is longer than 40 hours, unless that employee receives as compensation for his employment at least one and a half times the regular rate for all overtime hours. 29 U.S.C. § 207(a). For law enforcement officers, the overtime requirement begins when hours worked reach 171 for a 28 day period or 43 hours in a 7 day work period. 29 U.S.C. § 207(k). O'Brien v. Town of Agawam, 350 F.3d 279, 290 (1st Cir. 2003). An employer must have adopted a qualifying work period to fall under the § 207(k) extended work period provisions. Id.; Barefield v. Village of Winnetka, 81 F.3d 704, 710 (7th Cir. 1996); Birdwell v. City of Gadsden, Ala., 970 F.2d 802, 805 (11th Cir. 1992). Regardless of whether the employer has a 40 hour work week or a § 207(k) work period, an employer who violates either of these provisions is liable to the employee for the overtime wage, as well as an additional equal amount as liquidated damages, and the court may allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. § 216(b); Forrester v.

ORDER - 4

Roth's I. G. A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981).

Compensable work under the FLSA includes work that is "suffer[ed] or permit[ted]." 29 U.S.C. § 203(g); Armour & Co. v. Wantock, 323 U.S. 126, 132 (1944). Work performed off-duty qualifies as "work" and entitles an employee to compensation under the FLSA because employees must be compensated for "activities performed either before or after their regular work shift ... if those activities are an integral and indispensable part of the principal activities for which the covered employees are employed." Steiner v. Mitchell, 350 U.S. 247, 256 (1956). An employer who knows or should have known that an employee is or was working overtime is obligated to pay overtime. Moreover, an employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation. Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981); Mumbower v. Callicott, 526 F.2d 1183 (8th Cir.1975). Conversely, where an employer has no knowledge that an employee is engaged in overtime work and the employee fails to notify the employer or deliberately prevents the employer from obtaining knowledge of the overtime work, the employer's failure to compensate for overtime is not a violation of the FLSA. Forrester, 646 F.2d at 414.

To prevail on a FLSA claim for an overtime activity suffered or permitted to be performed, plaintiff must carry the burden of proof on all of the elements of the particular claim. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946). First, plaintiff must establish that each activity for which overtime compensation is sought constitutes "work." For an activity to constitute work, plaintiff must prove that the activity was (1) undertaken for the benefit of the employer, (2) known or reasonably should have been known by the employer to have been performed, and (3) controlled or required by the employer. See Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981).

Second, plaintiff must establish that the hours of work performed are actually, rather than

ORDER - 5

theoretically, compensable. For work to be compensable, the quantum of time claimed by plaintiff must not be de minimis, and must be reasonable in relation to the principal activity. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688, 693 (1946).

A number of courts have found, as a general matter, that time spent by a police officer caring for or training his or her assigned police dog during that officer's off-duty hours constitutes compensable work time. See Brock v. City of Cincinnati, 236 F.3d 793 (6th Cir. 2001); Reich v. New York City Transit Authority, 45 F.3d 646 (2nd Cir. 1995); Karr v. City of Beaumont, Texas, 950 F.Supp. 1317 (E.D. Tex. 1997); Levering v. District of Columbia, 869 F.Supp. 24 (D. D.C. 1994); Nichols v. City of Chicago, 789 F.Supp. 1438 (N.D. Ill. 1992); Truslow v. Spotsylvania County Sheriff, 783 F.Supp. 274 (E.D. Va. 1992); Albanese v. Bergen County, 991 F.Supp. 410 (D. N.J. 1997); Andrews v. DuBois, 888 F.Supp. 213 (D. Mass. 1995); Hellmers v. Town of Vestal, 969 F.Supp. 837 (N.D. N.Y. 1997); Baker v. Stone County, 41 F.Supp.2d 965 (W.D. Mo. 1999).

Accordingly, the law is well-established that law enforcement canine officers like Plaintiff are entitled to compensation for their off-duty time spent feeding, bathing, exercising, training, cleaning up after, and otherwise caring for their police dogs, because such activities benefit their employer and are compensable as "work" under the FLSA. See Letner v. City of Oliver Springs 545 F.Supp.2d 717, 724 (E.D. Tenn. 2008); Holzapfel v. Town of Newburgh, N.Y., 145 F.3d 516, 522 (2nd Cir. 1998)(A K-9 officer must be compensated for the off-duty time that he spends performing the tasks involved in caring for and training his assigned police dog, unless the time devoted to a particular task is *de minimis*).

In order to recover for uncompensated overtime work under the FLSA, the plaintiff must further prove that the employer had knowledge, either actual or constructive, of the plaintiff's overtime work. Reich v. Dept. of Conservation & Natural Res., 28 F.3d 1076, 1082 (11th Cir. 1994); Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir. 1986). "In reviewing the extent of an employer's awareness, a court need only inquire whether the circumstances were such that the employer either

ORDER - 6

had knowledge of overtime hours worked or else had the opportunity through reasonable diligence to acquire knowledge." Reich, at 1082.

The City takes the position that because Plaintiff did not request overtime compensation for his off-duty care and training of his canine at the time he performed that work, he cannot recover for that work. However, an employee does not waive his claim for overtime compensation by failing to request overtime compensation at the time the work is performed. See Reich v. Dept. of Conservation & Natural Res., 28 F.3d 1076, 1082 (11th Cir. 1994); Burry v. Nat'l Trailer Convoy, Inc., 338 F.2d 422 (6th Cir. 1964); Caserta v. Home Lines Agency, Inc., 273 F.2d 943 (2nd Cir. 1959); George Lawley & Son Corp. v. South, 140 F.2d 439 (1st Cir. 1944); Handler v. Thrasher, 191 F.2d 120 (10th Cir. 1951); Ballard v. Consolidated Steel Corp., 61 F.Supp. 996 (D. Cal.1945). Further, "acceptance by an employee of payments of regular and overtime wages will not stop him from suing to recover the amount due him when he proves he actually worked longer." Robertson v. Alaska Juneau Gold Mining Co., 157 F.2d 876, 879 (9th Cir. 1946).

Plaintiff has produced evidence in this case that, if believed, demonstrates that he was not aware that he was entitled to claim overtime compensation for his off-shift care of his dog. Further, in 2003 Dixon inquired of Chief Powell as to whether he was entitled to receive overtime pay for at-home care of the dog. Despite the Chief's knowledge of an agreement with other officers regarding compensation for at-home care of police dogs, Plaintiff testifies that Chief Dixon told him that he was not going to be paid for time spent on at-home for care of Robyn and that the K-9 program would be terminated as opposed to providing Dixon overtime compensation for at-home care of Robyn. Thus, Plaintiff's failure to contemporaneously request overtime for his off-duty care and training of his dog does not preclude his claim for back wages in this action.

The City argues that it cannot be charged with knowledge of Plaintiff's uncompensated overtime because Plaintiff submitted time sheets reflecting less hours than those actually worked. Defendant argues that based on these facts, Plaintiff submitted false and inaccurate time reports, and

ORDER - 7

therefore Defendant had no knowledge of unpaid overtime. In support of this contention, Defendant relies on commonly-cited cases holding that an employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing the claimed overtime did not occur. See Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir.1981). The City's reliance on these cases, however, is misplaced. In each of these cases, the plaintiffs were responsible for reporting their working hours, with the employers having no knowledge of the plaintiffs' off-the-clock hours and no reason to know that the reported information was inaccurate. In contrast, here, there is credible evidence the Defendant had actual knowledge that Plaintiff was working overtime and that Plaintiff was initially unaware he was entitled to overtime compensation and later told that the canine unit would be terminated if the City was required to pay overtime compensation for care of the dogs.

Once an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours. See Forrester, 646 F.2d at 414; Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 946 (2nd Cir. 1959); Newton v. City of Henderson, 47 F.3d 746, 748 (5th Cir. 1995). An employer need not have actual knowledge of such off-site work; constructive knowledge will suffice. See Reich v. Department of Conservation and Natural Resources, 28 F.3d 1076, 1082 (11th Cir. 1994).

The Court determines that there exists a material issue of fact that the City had knowledge that Plaintiff was working after his shift to care for the dog. Although the Plaintiff may not have submitted overtime forms for this work, the City knew and had reason to believe that the work was being performed. Defendant had knowledge of this overtime work because it approved and had knowledge that it was being done by other officers. The employer City of Forks bears the risk of inadequate recordkeeping when it fails to pay compensation in accordance with the FLSA. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

The City also asserts that even if it had knowledge of Dixon's unreported off-shift work, this

ORDER - 8

time spent caring for Robyn was *de minimis*. As a general rule, employees cannot recover overtime pay for otherwise compensable time if it is *de minimis*. An important factor in determining whether claim for overtime pay is *de minimis* is the amount of daily time spent on the additional work. There is no precise amount of time that may be denied overtime compensation as *de minimis*; common sense must be applied to the facts of each case. Employers must compensate employees for even small amounts of daily overtime unless that time is so miniscule that it cannot, as an administrative matter, be recorded for payroll purposes. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946); Lindow v. U.S., 738 F.2d 1057, 1062-63 (9th Cir. 1984). Consideration of the size of an aggregate claim may overcome minimal daily amounts of time. Lindow, at 1063. Finally, in applying the *de minimus* rule, the court considers whether the employee performed the work on a regular basis. Id.

Here, the Court finds that there is sufficient evidence to present a jury question as to whether Plaintiff's off-shift care and maintenance of his police dog, Robyn is compensable and not *de minimus*.

Once it is established that the time worked is not de minimis, plaintiffs must then establish the amount of time worked. Employees are generally entitled to compensation for actual hours worked. See Anderson, 328 U.S. at 689; Skipper v. Superior Dairies, 512 F.2d 409, 419 (5th Cir. 1975). In the absence of employment records of the hours worked, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson, at 688. This is an issue of fact for the jury.

The City is not entitled to summary judgment on the FLSA claim.

**Washington Minimum Wage Act**

The Washington Minimum Wage Act (MWA) requires employers to pay employees a minimum hourly wage and 150 percent of the hourly rate for any hours an employee works over 40

ORDER - 9

hours a week. Clawson v. Grays Harbor College Dist. No. 2, 148 Wn.2d 528, 537, 61 P.3d 1130 (2003). The MWA defines "employee" in RCW 49.46.010(5) as "any individual employed by an employer." "Employ" means "to permit to work." RCW 49.46.010(3). "Wage" means "compensation due to an employee by reason of employment." RCW 49.46.010(2).

The MWA is based on the Federal Fair Labor Standards Act of 1938 (FLSA). Stahl v. Delicor of Puget Sound, Inc., 148 Wn.2d 876, 64 P.3d 10 (2003); Innis v. Tandy Corp., 141 Wn.2d 517, 523-34, 7 P.3d 807 (2000). In construing the MWA, courts consider the interpretation of comparable provisions of the FLSA as persuasive authority. Innis, at 524. See also Hisle v. Todd Pacific Shipyards Corp., 151 Wn.2d 853, 862, n6, 93 P.3d 108 (2004)(The FLSA is persuasive authority because the MWA is based on the FLSA); Anderson v. State, Department of Social and Health, 115 Wn.App. 452, 455, 63 P.3d 134 (2003)(The wording of the MWA's overtime provision is similar to its FLSA counterpart and the courts look to federal law on this subject as persuasive authority).

The City concedes that the same reasons and analysis applies to Plaintiff's MWA claim as applies to his FLSA claim. Accordingly, the Court having found a genuine issue of fact precluding summary judgment on the FLSA claim, there also is a genuine issue of fact precluding summary judgment on the state law claim.

**Statute of Limitations**

The three-year statute of limitations of RCW 4.16.080(3) applies to Washington Minimum Wage Act (MWA) claims. Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co., 139 Wn.2d 824, 837, 991 P.2d 1126 (2000); Mitchell v. PEMCO Mut. Ins. Co., 134 Wn.App. 723, 737, 142 P.3d 623 (2006).

The FLSA imposes a two-year statute of limitations for unpaid overtime compensation. 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988). The statute of limitations is extended to three years for a willful violation of the FLSA. Id. A cause of action for

ORDER - 10

overtime wages accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." Karr v. City of Beaumont, Tex., 950 F.Supp. 1317, 1325 (E.D. Tex. 1997); Truslow v. Spotsylvania County Sheriff, 783 F.Supp. 274, 279 (E.D. Va. 1992). The statute is tolled when the plaintiff's complaint is filed. 29 U.S.C. §§ 255(a). To show a willful violation of the FLSA, the plaintiff bears the burden of establishing that his former employers either knew or showed reckless disregard for the matter whether their conduct was prohibited by the statute. Karr, at 1325; Truslow, at 279; McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). Willfulness is a fact issue for the jury. Karr, at 1325; Fowler v. Land Management Groupe, Inc., 978 F.2d 158, 162-63 (4th Cir. 1992).

The Court determines that a reasonable jury could find that the Defendant City of Forks willfully violated the overtime provisions of the FLSA. The City is not entitled to summary judgment on the statute of limitations.

**Conclusion**

For the above stated reasons, Defendant's motion for summary judgment is denied.

ACCORDINGLY:

IT IS ORDERED:

City of Forks' Motion for Summary Judgment [Dkt. # 16] is **DENIED**.

DATED this 26th day of May, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 11