UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DIXON,

        Plaintiff,

v.

CITY OF FORKS,

        Defendant.

Case No. C08-5189 FDB

ORDER DENYING CITY OF FORKS' MOTION TO EXCLUDE EXPERT TESTIMONY ON PLAINTIFF'S BEHALF

This matter comes before the Court on Defendant's motion to exclude Plaintiff's proposed expert testimony. The Court, having reviewed all materials submitted by the parties and relied upon for authority, is fully informed and hereby denies the motion for the reasons stated below.

**Introduction and Background**

This is an action by Plaintiff James Dixon against Defendant City of Forks alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et. seq.*, and Washington's Minimum Wage Act (MWA), 49.46 RCW, for failure to compensate Plaintiff for off-shift/overtime care and maintenance of his police dog while employed as a police officer for the City of Forks.

Plaintiff has identified two expert witnesses and submitted the expert witness reports for

ORDER - 1

1 Deputy John Munson and Steve Grasser.

2 Deputy Munson proposes to testify that 60 minutes per day is a reasonable amount of time
3 for Plaintiff to have spent working with police canine during Plaintiff's off-shift hours. He also
4 proposes to testify that the time spent by Plaintiff in off-shift training, grooming, feeding, and
5 exercising his canine was reasonable and necessary. Deputy Munson's testimony is based on his
6 experience and training as a professional canine handler, as well as his discussions with Plaintiff as
7 to Plaintiff's off-shift time commitments caring for and maintaining his canine, Robyn.

8 Defendant objects to the testimony of Deputy Munson on the basis that (1) it provides a
9 legal opinion, (2) it is speculative and (3) it forces the City to defend two claims and will confuse
10 and mislead the jury.

11 Plaintiff's expert witness Steve Grasser is a certified public accountant. Mr. Grasser
12 proposes to testify regarding the Plaintiff's average hourly overtime rate of pay during the relevant
13 period of time that Plaintiff was employed as a canine officer with the City of Forks. Grasser's
14 opinions are derived from an analysis of the City of Forks' payroll history reports from the relevant
15 time period.

16 Defendant objects to this testimony as (1) it encompasses common knowledge, (2) it is
17 speculative and (3) it will confuse, not assist the trier of fact.

## Admissibility of Expert Testimony

19 Rule 702 provides that if "scientific, technical, or other specialized knowledge will assist the
20 trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an
21 expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an
22 opinion" subject to certain qualifications. Fed. R. Evid. 702. "As a general rule, 'testimony in the
23 form of an opinion or inference otherwise admissible is not objectionable because it embraces an
24 ultimate issue to be decided by the trier of fact.' That said, an expert witness cannot give an
25 opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly,

ORDER - 2

instructing the jury as to the applicable law is the distinct and exclusive province of the court."
Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1058 (9th Cir. 2008).  See also
Davis v. Mason County, 927 F.2d 1473 (9th Cir. 1991).

**Testimony of Deputy John Munson**

Defendant asserts that Deputy Munson's testimony that Plaintiff's daily expenditure of 60 minutes off-shift care and maintenance of his police canine is reasonable and the type of work performed (training, grooming, feeding, and exercising the canine) is reasonable and necessary is an impermissible legal conclusion.

Plaintiff and Defendant dispute the justification for overtime and the amount of overtime hours necessary for the maintenance and care of the canine.  Although the testimony is directed at determining an ultimate issue, its purpose is to assist the trier of fact to understand the evidence to determine a fact at issue.  The reasonableness of the alleged overtime is an issue of fact for the jury. Caring for and maintaining a dog, especially a police dog, is not within the common knowledge of a lay person.  Albanese v. Bergen County, N.J., 991 F.Supp. 410, 424 (D. N.J. 1997).  In addition, Plaintiff's' expert serves to negative the reasonableness of the argument of Defendant, that off-shift care and maintenance was not required or was *de minimus* in nature.  See Albanese, at 424.  Thus, the Court finds that Plaintiff's expert Deputy Munson's testimony is not a legal conclusion.

Not is the proposed testimony speculative.  Deputy Munson's testimony is based, in part, on his discussions with Plaintiff as to what he did off-shift in the care and maintenance of his canine. Accordingly, the proposed testimony is not based on speculation, but on the first-hand information provided by Plaintiff and Mr. Munson's expertise as a professional canine handler.

The Court also rejects Defendant's "two claims" argument.  The expert's opinion as to what is reasonable in the care of a police canine and the reasonableness of the time expended for the care of the police canine does not constitute unfair prejudice; nor will not mislead or confuse the jury.

ORDER - 3

Plaintiff is required to establish the activity for which overtime compensation is sought constitutes "work" and that such work must be actually compensable; the quantum of time claimed by plaintiff must not be de minimis, and must be reasonable in relation to the principal activity. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 688, 693 (1946). The expert testimony provides a factual basis for a jury determination of reasonableness of the overtime work that may be established by Plaintiff at trial.

The testimony of Plaintiff's expert Deputy John Munson is admissible.

**Testimony of Steve Grasser**

The City asserts that Steve Grasser's testimony regarding Plaintiff's average overtime rate of pay is within the common understanding of the jury. The Court disagrees. Mr. Grasser's testimony required him to review and synthesize the City Of Forks' payroll records covering the time of Plaintiff's employment as a canine officer. Using this data, Mr. Grasser establishes an average overtime rate of pay for Officer Dixon. Mr. Grasser's specialized knowledge as a public account and his analysis of the City's payroll records will assist the trier of fact to understand the evidence or to determine a fact in issue; the rate of overtime pay of Plaintiff Dixon.

Mr. Grasser's testimony as to Officer Dixon's rate of overtime pay is not based on speculation, but on an analysis of the City's records. Nor is the testimony prejudicial. His testimony merely goes to a rate of overtime pay. Whether Mr. Dixon worked these hours (60 minutes daily) is not an issue that Mr. Grasser's testimony addresses.

Mr Grasser's opinions are properly based on the payroll evidence and his accounting expertise in analyzing and synthesizing this payroll data. The testimony will assist the trier of fact in comprehending factual issues beyond the scope of understanding of the average person. The testimony is neither based on speculation or confusing or prejudicial.

The testimony of Plaintiff's expert Deputy Steve Grasser is admissible.

ORDER - 4

**Conclusion**

For the above stated reasons, Defendant's motion to exclude Plaintiff's expert testimony is denied..

ACCORDINGLY:

IT IS ORDERED:

City of Forks' Motion to Exclude Expert Testimony on Plaintiff's Behalf [D.t. # 17] is **DENIED**.

DATED this 26th day of May, 2009.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5