UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DIXON,

    Plaintiff,

  v.

CITY OF FORKS,

    Defendant.

Case No. C08-5189 FDB

ORDER CLARIFYING SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS

This matter comes before the Court on Defendant's motion for clarification of the Court's order denying summary judgment. The Court's Order held in part that the City of Forks was not entitled to summary judgment on the issue of whether Plaintiff's Fair Labor Standards Act (FLSA) claim was subject to the two-year statute of limitations for unpaid overtime compensation or three years for a willful violation of the FLSA. In the motion for clarification, the City seeks clarification as to a date certain that Plaintiff's claims accrued and thus are not barred by application of the statutes of limitation.

**Introduction and Background**

Plaintiff James Dixon was hired to be a police officer for the Defendant City of Forks in

ORDER - 1

September 1998. In April 2001, Officer Dixon completed canine handling training and began his duties as a K-9 officer. Dixon was partnered with Robyn, a dog that had been previously partnered with another officer. Dixon was required as a part of his duties to keep Robyn at his home and to provide care and maintenance of the dog. Dixon's canine duties ended with the retirement of Robyn on January 1, 2007. The retirement of Robyn also ended the City of Forks Police Department K-9 program. In June 2007, Officer Dixon resigned from the police force. Officer Dixon filed his complaint for damages on March 18, 2008.

## Summary Judgment Standards

Pursuant to Fed. R. Civ. P. 56(c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact regarding the date Officer Dixon began his canine duties, the date such duties terminated, and the date he commenced suit seeking overtime compensation under the FLSA and the Washington Minimum Wage Act (MWA).

## Statutes of Limitation

The three-year statute of limitations of RCW 4.16.080(3) applies to Washington Minimum Wage Act (MWA) claims. Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co., 139 Wn.2d 824, 837, 991 P.2d 1126 (2000); Mitchell v. PEMCO Mut. Ins. Co., 134 Wn.App. 723, 737, 142 P.3d 623 (2006). The FLSA imposes a two-year statute of limitations for unpaid overtime compensation. 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988). The statute of limitations is extended to three years for a willful violation of the FLSA. Id.

ORDER - 2

A cause of action for overtime wages accrues at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." <u>Karr v. City of Beaumont, Tex</u>., 950 F.Supp. 1317, 1325 (E.D. Tex. 1997); <u>Truslow v. Spotsylvania County Sheriff</u>, 783 F.Supp. 274, 279 (E.D. Va. 1992). The statute is tolled when the plaintiff's complaint is filed. 29 U.S.C. §§ 255(a). Under the FLSA, an action to recover unpaid overtime compensation is barred unless commenced within two years after the cause of action accrues, except where the violation was "willful," in which case the action may be commenced within three years. 29 U.S.C. § 255. A cause of action for unpaid wages accrues each payday on which the wages due to an employee were not paid. <u>Biggs v. Wilson</u>, 1 F.3d 1537, 1540 (9th Cir. 1993). Thus, Officer Dixon's claims for overtime compensation accrued with each pay period and any claims accruing more than three years prior to the date of commencing suit are barred by the statute of limitations. FLSA claims found not "willful" are barred if the pay period ended more than two years prior to commencement of the suit.

**ACCORDINGLY**, for claims subject to the three year statue of limitations, Plaintiff's claims are limited to the three years before he filed his suit, that is the canine officer pay periods ending on, or after, March 18, 2005. Claims subject to the two year statute of limitations must have accrued no earlier than March 18. 2006.

DATED this 9th day of June, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3